# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ROBIN L. WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-1234-CV-W-NKL-SSA |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Robin White challenges the Social Security Commissioner's denial of her claim of disability and disability insurance benefits. This lawsuit involves an application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et. seq.* and supplemental security income benefits, under Title XVI of the Act, 42 U.S.C. §§ 1381, *et. seq*.

White does not challenge the Administrative Law Judge's ("ALJ's") weighing of medical evidence, but attacks the ALJ's decision on procedural grounds. Specifically, White argues that the ALJ: (1) failed to include in his hypothetical to the vocational expert limitations resulting from mental impairments and complications from bowel obstructions and related surgery; and (2) the ALJ posed a hypothetical to the vocational expert that conflicts with other limitations that the ALJ found. The Court agrees that the ALJ failed to properly consider the effects of bowel obstructions and related surgery and their effect on

1

White's ability to work. The Court, therefore, remands for proper consideration of these effects.

**I.      Factual Background**

The complete facts and arguments are presented in the parties' briefs and will be duplicated here only to the extent necessary.[1] White protectively applied for disability insurance benefits and social security income benefits on April 2, 2009, alleging disability beginning August 15, 2008. Her applications were denied initially on April 29, 2009. White timely appealed the denial to an ALJ, who held an administrative hearing on November 19, 2009.

In a February 4, 2010, decision, the ALJ determined that White had the following severe impairments: depression; anxiety; post left ankle fracture; degenerative disc disease of the cervical and lumbar spine; cervical spondylosis; bilateral sacroiliitis; deep venous thrombosis; obesity; neuropathy involving the right median nerve; and post ileostomy and colectomy with intermittent small bowel obstruction complications (Tr. 16). The ALJ found that White retained the residual functional capacity to perform light work, with the following limitations: White could stand and/or walk for four hours total and sit for four hours total during an eight-hour workday, and would need an option to sit or stand at will that would not otherwise materially adversely affect her ability to do the job; she could only occasionally climb, balance, stoop, kneel, crouch or crawl; only occasionally finger with her right hand;

---

[1] Portions of the parties' briefs are adopted without quotation designated.

do only simple work with a Specific Vocational Preparation ("SVP") of three or less; and she would need to elevate her right leg as much as 18 inches as needed throughout the workday. (Tr. 18).

Stella Doring testified as a vocational expert at the administrative hearing. The ALJ posed to the vocational expert a hypothetical question, which assumed an individual of White's age, education, and past relevant work experience, who was capable of no more than light work, lifting and carrying up to 20 pounds occasionally, and 10 pounds frequently. (Tr. 71). The individual could stand and walk four hours in eight, sit for four hours in eight, and would need a sit/stand option, but one that would be at will and would not otherwise materially adversely affect the individual's ability to do the job. (Tr. 71). The individual would have an unlimited ability to push and pull, but could only occasionally climb, balance, stoop, kneel, crouch, or crawl. (Tr. 71). The individual would have only the occasional ability to finger with the right hand, and as a result of the loss of memory they would need to be limited to simple work of SVP 3 or less. (Tr. 71). The individual would also need to elevate the right leg as much as eighteen inches during the day. (Tr. 72). The vocational expert testified that such an individual could perform work as a call-out operator, surveillance system monitor, and hand mounter/photo finisher. (Tr. 73).

The ALJ then found that White could perform work as a call-out operator, security system monitor, or hand mounter photo finisher and denied disability. The Appeals Council denied White's request for review on October 13, 2010, making the decision of the ALJ the final decision of the Commissioner and subject to judicial review under 42 U.S.C. § 405(g).

## II.     Discussion

In reviewing a denial of disability benefits, the Court considers whether the ALJ's decision is supported by substantial evidence on the record as a whole. *See Travis v. Astrue*, 477 F.3d 1037, 1040 (8th Cir. 2007).

White first argues that the ALJ erred in failing to include in his hypothetical to the vocational expert that White was moderately functionally impaired in her concentration, persistence, and pace. White relies for this point on *Pickney v. Chater*, which states that "a hypothetical question posed to an ALJ must contain all of claimant's impairments that are supported by the record [and] capture the concrete consequences of claimant's deficiencies." 96 F.3d 294, 297 (8th Cir. 1996). But the ALJ in *Pickney* specifically stated in his hypothetical that the claimant had no mental limitations despite previously acknowledging that mental impairments existed. *Id.* The Eighth Circuit distinguished this situation in *Hulston v. Astrue*, where the ALJ's hypothetical did not mention the claimant's mental impairments one way or another but "limited [claimant] to work of an unskilled nature involving only superficial contact [which] adequately described the consequences of [claimant's] mental impairments." 622 F.3d 917, 925 (2010).

Here, the ALJ adequately described the consequences of White's mental impairments. The ALJ specifically states in his decision that White "is limited to performing only simple work with an SVP of 3 or less due to her loss of concentration, persistence and pace that is caused by her mental impairments." [Tr. at 23]. White nowhere argues that this inaccurately describes her limitations. Further, the ALJ's hypothetical to the vocational expert

specifically included that the hypothetical individual would be "limited to simple work of SVP 3 or less." [Tr. at 71]. Thus, there is substantial evidence in the record that the ALJ's hypothetical properly expressed the concrete consequences of White's mental impairments.

White also argues that the ALJ erred by omitting the effects of White's colectomy, ileostomy, and bowel obstructions – which the ALJ found to be severe impairments – from his hypothetical question to the vocational expert. White argues that the hypothetical does not properly account for the symptoms of this condition, which "appear to be generally episodes of abdominal pain and nausea." [Doc. # 4 at 13]. Although the ALJ found this condition to be severe, he does not mention any possible limitations in his hypothetical or, for that matter, when determining White's residual functional capacity.

Thus, the Court is not satisfied that the ALJ considered any of the effects of this condition, which the ALJ elsewhere found to have more than a minimal effect on White's ability to work. The ALJ's review of White's medical records notes that White must empty her internal ileostomy pouch five to six times a day, that she gets recurring bowel obstructions [Tr. at 20], and that one such obstruction left her hospitalized for seven days in 2008. [Tr. at 21]. White also claimed in her applications for disability that in 1993 the catheter for ileostomy became "stuck" in her stomach and that she lost her job after going to St. Louis to be examined by her surgeon. [Tr. at 272]. Because the ALJ failed to weigh on the record these and other symptoms which result from White's condition, and to discuss whether and how they affect White's ability to work, the ALJ erred. *See Jones v. Chater*, 65 F.3d 102, 104 (8th Cir. 1995). Thus, remand is appropriate so that the ALJ can weigh these

5

symptoms in considering White's functionality and include any relevant conclusions in his hypothetical to the vocational expert.

White further argues that the ALJ erred in posing a hypothetical with conflicting limitations to the vocational expert. Specifically, White argues: "If a person cannot sit over 4 hours a day she cannot elevate a leg up to 18 inches a day as needed." But White misreads the ALJ's hypothetical. The hypothetical specifically states that the hypothetical individual "would need a sit/stand option but one that would be at will and would not otherwise materially adversely affect their ability to do their job." [Tr. at 71]. The ALJ's hypothetical made clear that White would need to be able to sit at will and to elevate her leg as needed. Thus, every time she needed to elevate her leg, she would be able to sit. This is not contradictory.

Finally, White argues that the ALJ erred in not resolving the conflict between the descriptions of available jobs in the Dictionary of Occupational Titles and White's requirement that she elevate her leg as needed. But the ALJ specifically mentioned that the discrepancy between those listings and the requirement that White be able to sit or stand at will was resolved by the vocational expert's "experience in the vocational field." [Tr. at 26]. The ALJ reasonably viewed White's need to elevate her leg as subsumed within her need to be able to sit at will. Indeed, at White's hearing the ALJ and the vocational expert appeared to use the phrase "sit/stand option" as shorthand to refer to White's requirement to elevate her leg as needed. [Tr. at 72-73]. This indicates the vocational expert believed that so long as White were able to sit at will, elevating her leg would not be an additional impediment to

6

employment at any of the mentioned jobs. On remand, counsel for White can further explore the issue.

## III. Conclusion

Because the ALJ failed to consider limitations caused by White's bowel problems, the ALJ erred. Accordingly, it is hereby ORDERED that Robin White's Petition [Doc. # 1] is GRANTED. The decision of the ALJ is REVERSED and REMANDED for further consideration consistent with this Order.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: September 20, 2011  
Jefferson City, Missouri